John J. McGrath (JM-2787)
Law Office of John J. McGrath
114 Old Country Road, Suite 212
Mineola, New York 11501
(516) 299-6509

Attorney for Plaintiff(s)
R. S. and S. K.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
R. S. and S. K.,

                                                                                                      **COMPLAINT**

                            Plaintiff(s),            Civil Action No.: 16 - CV - 6639

        -against-


EAST MEADOW UNION FREE SCHOOL
DISTRICT

                    Defendant.
-------------------------------------------------------------X

## COMPLAINT FOR ATTORNEY FEES AND EXPENSES

Plaintiffs, R.S. and S. K, by counsel, John J. McGrath, Esq., file this complaint for an Award of Attorney Fees and Expenses, Expert Witness Fees, Statutory Interest and Litigation Expenses associated with this complaint. In support thereof, they would state as follows

## PRELIMINARY STATEMENT

Plaintiff(s), through the undersigned attorney, bring this action to establish that Plaintiff(s) are a prevailing party in the underlying administrative hearing and appeal, pursuant to 20 U.S.C. § 1415(i)(3)(B) of the Individuals with Disabilities Education Act ("IDEA") and are entitled to an award of attorneys' fees and costs

in connection with the underlying administrative hearing and appeal involving the same parties. Plaintiffs are seeking fees and costs incurred to compel the Defendant to comply with the requirements of the IDEA and New York's Education Law (Article 89) to obtain educational services for R.S., a student with a disability, and pursue this cause of action.

## JURISDICTION AND VENUE

1. This court has original jurisdiction over this action pursuant to 28 USC § 1331 in that it arises under 20 U.S.C. § 1415 of the Individuals with disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., as amended.

2. Jurisdiction is vested in this Court under the IDEA, 20 U.S.C. §1415(i)(3)(A). Venue in the Court is also proper under 28 U.S.C. § 1391(b) in that the Plaintiffs reside within the Eastern District of New York, the Defendants are located within the Eastern District of New York, and that the acts and/or omissions giving rise to the claims in this complaint occurred within the Eastern District of New York.

## PARTIES

3. The Plaintiffs, R.S. and S. K. are the student and his parent. The family resides at 2688 Cypress Avenue in East Meadow, New York 11554 which is within the boundaries of the East Meadow Union Free School District.

4. The Defendant, East Meadow Union Free School District is a public school district duly organized and existing under the laws of the state of New York and located within Nassau County, New York. At all times relevant herein,

the Defendants are and were the Local Education Agency responsible for providing a Free Appropriate Public Education ("FAPE") for R. S.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiffs filed a Demand for a Due Process Hearing on April 23, 2013.

6. A hearing was duly conducted, as required by the applicable statutes and regulations, and the Impartial Hearing Officer ("IHO") issued a determination in favor of the Plaintiffs on September 30, 2013.

7. Plaintiffs filed a timely Petition for Review to the State Review Officer ("SRO") for the New York State Education Department ("NYSED").

8. The SRO issued a determination in favor of the Plaintiffs on November 29, 2013. (Attached hereto as Exhibit 1.)

9. The defendants did not appeal the decision of the SRO and as such Plaintiffs have exhausted all administrative procedures.

### Facts Related to Attorneys' Fees

10. John J. McGrath, Esq. is an attorney admitted to practice law in the state of New York since November of 2000. He has been representing students with disabilities in administrative hearings since 2001. As an former elected member of a school board, as well as a past President, for the Mineola Union Free School District, Mr. McGrath has obtained extensive, specialized knowledge of the process of providing special education services and programs to disabled children through his work as a school board member and through the extensive training provided to school board members on all aspects of school operations

including special education. Moreover, Mr. McGrath has attended hundreds of Committee on Special Education meetings on behalf of clients and is fully knowledgeable on all aspects of special education in New York. Prior to his admission to practice law he was an arbitration advocate for the American Postal Workers Union (APWU), representing postal workers in administrative hearings, pursuant to the Collective Bargaining Agreement (CBA) between the APWU and the United States Postal Service (USPS) since 1986. Subsequent to his admission Mr. McGrath worked for the USPS Office of Labor Relations and its Law Department representing that federal agency in administrative hearings before the Equal Employment Opportunity Commission ("EEOC") and the Merit Systems Protection Board ("MSPB") as well as at arbitration hearings with all its unions within the New York Metropolitan Area. Mr. McGrath currently represents postal and other employees in administrative proceedings against their employers before the EEOC, MSPB, the New York State Division of Human Rights (SDHR), in Civil and Criminal and Family Courts in the New York Metropolitan Area.

11. Mr. McGrath expended 150.40 hours representing R.S. up to and including six (3) days of administrative hearings, post hearing briefs, reading and answering the school district's appeal to the State Review Officer (SRO) and subsequent correspondence concerning the school district's request for reconsideration. The hearing resulted in a decision dated September 30, 2013. The amount of time expended by Mr. McGrath on this matter was both reasonable and necessary for a vigorous and capable representation of R.S. in

4

his pursuit of a Free Appropriate Public Education (FAPE). The total fees due to date, including costs and disbursements, are $57,750.00

12. The hourly rate of $375.00 per hour is consistent with the rates prevailing in Nassau County, New York and the surrounding areas, for the kind and quality of services furnished by attorneys of comparable skill, experience and reputation.

13. That Plaintiffs' request for pre-judgment interest is proper. "Prejudgment interest is an element of complete compensation." West Virginia v. United States, 479 US 309, 107 S. Ct. 902, 906 (1987). Interest is available as a matter of law from the time judgment is entered. 28 U.S.C. § 1961.

## CAUSE OF ACTION

14. Plaintiffs hereby incorporate by reference the foregoing allegations in their Complaint as if stated more specifically herein, and further state that Plaintiffs are a prevailing party pursuant to 20 U.S.C. § 1415(i)(3)(B) and are entitled to an award of reasonable attorney's fees and costs incurred in the administrative proceedings up to an including the administrative appeal to the SRO.

15. That as a result of the administrative proceedings the SRO in decision number 13-210 found that the Defendants violated the IDEA and his resulting ordered remedies which changed the legal relationship between the Plaintiff's and the Defendants.

16. That a demand for payment was duly made and rejected by the Defendants.

5

17. That this complaint was filed within three (3) years of the decision of the SRO, dated November 29, 2013 and received by the Plaintiffs by regular U.S. Mail, and is therefore timely filed within the applicable limitations period for filing an action to recover attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant and pray for the following relief:

a. An order declaring Plaintiffs as the prevailing Party; AND

b. An order awarding Plaintiffs' reasonable attorneys' fees and costs incurred in the administrative proceedings, interest, plus such additional fees and costs as may have been incurred to comply with the SRO's orders dated November 29, 2013 and received by Plaintiffs thereafter and which are $57,750.00 and will rise with the instant litigation. AND

c. Any other remedy the Court deems just.

DATED:   November 30, 2016
         Mineola, New York

                                        Respectfully submitted;


                                        John J. McGrath (JM 2787)

6